**PELTON GRAHAM LLC**
Brent E. Pelton
Pelton@PeltonGraham.com
Taylor B. Graham
Graham@PeltonGraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **VICENTE CRUZ, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**SAL-MARK RESTAURANT CORP. d/b/a MARINER'S HARBOR RESTAURANT, MATTEO-BELLA, LLC d/b/a FRANK GUIDO'S LITTLE ITALY, FRANK GUIDO, SALVATORE GUIDO III, and MARK GUIDO, Jointly and Severally,**<br><br>**Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br>Case No.: 1:17-CV-0815 (GTS/DJS) |

Plaintiff Vicente Cruz ("Cruz"), individually and on behalf of all others similarly situated,

as class representative, upon personal knowledge as to himself and upon information and belief as

to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff is a former line cook at Defendants' seafood and Italian restaurants located in Kingston, New York.

2.      While working for Defendants, Plaintiff was paid on an hourly basis that did not provide overtime premiums for the hours Plaintiff worked in excess of forty (40) hours per week. Plaintiff also did not receive spread-of-hours premiums, annual wage notices or accurate wage statements, as required by the NYLL.

3.      Plaintiff brings this action to recover overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*  Plaintiff also brings claims for unpaid spread-of-hours premiums and for failure to provide wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

4.      Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees of Defendants.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district Defendants' business is located in this district.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9.      Plaintiff Cruz was, at all relevant times, an adult individual residing in Ulster County, New York.

10.      During the relevant time period, Plaintiff performed work for Defendants at Frank Guido's Mariner's Harbor Restaurant, located at 1 Broadway, Kingston, New York 12401 and at Frank Guido's Little Italy Restaurant, located at 14 Thomas Street, Kingston, New York 12401.

11.      Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

12.      Sal-Mark Restaurant Corporation is an active New York corporation doing business as "Frank Guido's Mariner's Harbor Restaurant" ("Mariner's Harbor") with its principal place of business at 1 Broadway, Kingston, New York 12401.

13.      Matteo-Bella LLC is an active New York corporation doing business as "Frank Guido's Little Italy Restaurant" ("Little Italy") with its principal place of business at 14 Thomas Street, Kingston, New York 12401.

14.      Mariner's Harbor and Little Italy are hereinafter referred to collectively as the the "Corporate Defendants."

15.      Defendants' restaurants, which are operated through the Corporate Defendants, are operated as a single integrated business enterprise.  Specifically, Defendants' restaurants are engaged in related activities, share common ownership and management, share supplies and

employees, and have a common business purpose.

16.     The Corporate Defendants are jointly marketed under the Guido Restaurant Group heading located on the main page on each of their respective websites.

17.     Upon information and belief, Frank Guido ("F. Guido") is an owner and operator of the Corporate Defendants and is registered as the Chief Executive Officer for Sal-Mark Restaurant Corp. and Frank Gail Inc.

18.     Upon information and belief, Salvatore Guido III ("S. Guido") is an owner and operator of the Corporate Defendants.

19.     Upon information and belief, Mark Guido ("M. Guido" and, collectively with F. Guido, and S. Guido, the "Individual Defendants" and collectively with the Corporate Defendants, the "Defendants") is an owner and operator of the Corporate Defendants.

20.     Upon information and belief, the Individual Defendants set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

21.     Upon information and belief, the Individual Defendants exercised functional control over the day-to-day business and financial operations of the Corporate Defendants.

22.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiff and the Corporate Defendant's other similarly situated employees and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

23.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or

continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

24.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

25.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

26.     At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since July 24, 2014 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees in Frank Guido's Mariner's Harbor or Little Italy restaurants (the "Collective Action Members").

28.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies, including failing to pay overtime premiums for all work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiff and the Collective Action Members did not receive overtime premium payments for all hours worked in excess of forty (40) hours per week.

29.     Plaintiff and the Collective Action Members have substantially similar job duties and were paid pursuant to a similar, if not the same, payment structure.

## NEW YORK RULE 23 CLASS ALLEGATIONS

30.     Pursuant to the NYLL, Plaintiff brings his Second through Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since July 24, 2011 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees in Frank Guido's Mariner's Harbor or Little Italy restaurants (the "Class Members").

31.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure.

32.     The Class Members are so numerous that joinder of all members is impracticable.

33.     Upon information and belief, there are well in excess of forty (40) Class Members.

34.     Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting the individual members of the Class.  Such common questions will determine Defendants' liability to all (or nearly all) Class Members.  These common questions include, but are not limited to:

> a.   whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;
>
> b.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums when they worked more than forty (40) hours in a given workweek;
>
> c.   whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;
>
> d.   whether Defendants failed to provide Plaintiff and the Class Members with a

6

proper wage notice at the beginning of their employment and/or on February 1 of each year, as required by the NYLL;

e.   whether Defendants failed to provide Plaintiff and the Class Members with a proper wage statement with their wages, as required by the NYLL;

f.   whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

g.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

35.   Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, was a restaurant employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek; not paid spread-of-hours premiums for days in which he worked in excess of ten (10) hours and/or a split shift; not provided proper wage statements with each of his wage payments; and not provided proper wage notices when hired or before February 1 of each year. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

36.   Plaintiff and his Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

37.   Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

38.   A class action is superior to other available methods for the fair and efficient

adjudication of this litigation.

39.     Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

40.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other currently pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Restaurants**

41.     At all relevant times, Defendants have been in the restaurant and hospitality business whereby they own, operate, and manage at least four (4) restaurants in the Hudson Valley Area of New York.

42.     Upon information and belief, in addition to Mariner's Harbor and Little Italy, the Individual Defendants own and operate "Port of Call" in Catskill, NY and "Ole Savannah Southern Table and Bar" in Kingston, NY.

43.     A publication in the Daily Freeman News dated March 3, 2015 provides: "Restaurateur Frank Guido signed a 20-year lease last week for the Steel House …Guido, one of the three partners in the Guido Restaurant Group, said… It will be the fourth restaurant owned by Guido, his son Mark and cousin, Sal Guido. …The trio also operates Mariner's Harbor at the foot of Broadway, Frank Guido's Little Italy in Midtown and Port of Call in Catskill."

44.     According to a posting on the "About" section of the Defendants' Little Italy website, "[t]he Guido family has operated many of the most popular restaurants in the Hudson

Valley… 'The Guido family has created a brand for both waterfront and Italian dining that has been copied, but never rivaled.  They have launched thousands of careers in the food service industry while bringing pleasure, value and service to millions of customers over six decades'. …Frank Guido's Little Italy …Mariner's Harbor …Frank Guido's Port of Call".

45.     Defendants jointly market their restaurants on each of the websites of it by listing the locations of Mariner's Harbor Restaurant, Frank Guido's Little Italy, and Port of Call (*See* www.marinersharbor.com; www.frankguidoslittleitaly.com; www.frankguidosportofcall.com).

46.     Defendants employ dozens of employees at any time in their various restaurants, including approximately forty (40) individuals at Mariner's Harbor, the main restaurant where Plaintiff worked.

47.     Upon information and belief, Defendants share employees among their restaurants and employ all of their restaurant employees pursuant to the same pay practices and policies.

48.     Upon information and belief, the Individual Defendants are in constant contact with managers and other employees of their restaurants, to ensure that they are operating in accordance with their corporate standards and policies.

49.     Defendants Frank Guido, Salvatore Guido, and Mark Guido are constantly present at their restaurants, including Mariner's Harbor, to oversee the operations and to implement the policies complained of herein.

50.     Upon information and belief, Defendants operate all of their restaurants through common management, ownership and financial control.  In addition, certain employees of Defendants' restaurants have been transferred to work between the restaurants under the same pay practices complained of herein.

**Plaintiff's Work for Defendants**

51.     Plaintiff Cruz worked for Defendants as a line cook from in or around April 2009 to in or around June 2017 (the "Cruz Employment Period").

52.     Throughout the Cruz Employment Period, Cruz typically worked six (6) days per week with most Sundays off.  Plaintiff usually worked twelve (12) hour shifts, from approximately 10:00 am to approximately 10:00 pm, for a total of approximately seventy (72) hours per week.

53.     Throughout the Cruz Employment Period, Cruz was generally not allowed to take breaks during his long shifts, however, if he was permitted to take a break, his break typically lasted no more than ten (10) to fifteen (15) minutes.

54.     For his work, throughout the Cruz Employment Period, Cruz was paid fifteen dollars ($15.00) per hour, including the hours beyond forty (40) in a given workweek.  Plaintiff Cruz received his wage payment through a combination of check and cash, usually from the hands of Defendant S. Guido, who acted as the manager at Mariner's Harbor.

55.     With his payment, Plaintiff Cruz received an inaccurate pay stub that only reflected between thirty and forty (30-40) hours for the week.  The remaining portion for the hours Plaintiff worked during the week were paid in cash at the same hourly rate.

56.     Plaintiff Cruz did not receive a wage statement which reflected all of the hours that he worked and the wages that he was paid including cash and check during each pay period.

57.     Although Plaintiff Cruz typically worked well over forty (40) hours per week and primarily performed non-exempt duties, he was paid on hourly basis that did not compensate him at overtime premiums for the hours Cruz worked in excess of forty (40) hours per week.

58.     Throughout his employment with Defendants, Plaintiff Cruz frequently worked shifts in excess of ten (10) hours per day, yet Defendants failed to pay Cruz spread-of-hours

premiums for such days.

59.     At no point during Cruz's employment with Defendants did he receive a wage notice showing his regular hourly or overtime rates.

60.     In addition to his work at Mariner's Harbor, Cruz also worked for Defendants at Frank Guido's Little Italy and was paid in the same manner.

61.     Plaintiff Cruz is aware that many other employees who worked with him at Mariner's Harbor would also work at Defendants' other restaurant locations and were paid in the same manner regardless of which of Defendants' restaurants they worked in.

62.     Plaintiff Cruz also observed throughout his employment with Defendants, that the Defendants routinely exchanged among their restaurants not only employees, but also products necessary to properly run the restaurants.

63.     Upon information and belief, Port of Call is a seasonal restaurant that primarily operates during the spring and summer seasons. Each year, when the summer season is over, all the unused products from the season are sent to be used at Mariner's Harbor Restaurant.

64.     Upon information and belief, when the Individual Defendants opened "Ole Savannah" in or around May 2015, Defendants sent food and other products from Mariner's Harbor to "Ole Savannah."

65.     Plaintiff's work was performed in the normal course of Defendants' business and was integrated into Defendants' business.

66.     The work performed by Plaintiff required little skill and no capital investment.

**Defendants' Unlawful Corporate Policies**

67.     Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, specifically, failing to pay overtime premiums and spread-of-hours premiums.

68.     Notwithstanding the fact that Plaintiff and other Class Members frequently worked more than ten (10) hours in a given day, Defendants failed to pay them spread-of-hours premiums equal to one additional hour of minimum wage for each day working in excess of ten (10) hours. Defendants' failure to pay Plaintiff and the Class Members spread-of-hours premiums was a corporate policy that applied to all of Defendants' employees working shifts and/or split shifts of more than ten (10) hours in a workday.

69.     Plaintiff has spoken with other employees of Defendants, who similarly worked in excess of forty (40) hours during the Class Period and were similarly paid on an hourly basis for non-exempt work that did not provide overtime premiums of one and one-half (1.5) times their regular hourly rate for all hours worked over (40) per week.  Defendants' failure to pay Plaintiff and the Class Members overtime compensation for all hours worked over forty (40) hours per week was a corporate policy of Defendants.

70.     Defendants did not provide Plaintiff and the Class Members with proper wage notices at the time of hire of by February 1 of each year.

71.     Upon information and belief, throughout the Class Period and continuing to today, Defendants have failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

72.     Upon information and belief, Defendants operate all four (4) of their restaurants utilizing the same pay practices and policies.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

73.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74.     Defendants violated the FLSA overtime rights of Plaintiff and the Collective Action Members by failing to pay overtime premiums of one and one-half (1.5) times employees' regular hourly rates for all hours worked in excess of forty (40) hours per week.

75.     By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

76.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Class Members)

78.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79.    Defendants violated the NYLL overtime rights of the Plaintiff and the Class Members by improperly treating them as exempt from the NYLL when they primarily performed non-exempt duties and by failing to pay overtime premiums consisting of one and one-half (1.5) times employees' regular hourly rates for all hours worked in excess of forty (40) hours per week.

80.    Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

81.    Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS
### (Brought on Behalf of Plaintiff and the Class Members)

82.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

14

83.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one (1) hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146.16 (2012).

84.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW – WAGE STATEMENT VIOLATIONS</u>**
**(Brought on Behalf of Plaintiff and the Class Members)**

85.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.     Defendants have willfully failed to supply Plaintiff and the Class Members a proper wage statement as required by Article 6, § 195(3).

87.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants one hundred dollars ($250) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL §§ 198(1-d), liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FIFHT CAUSE OF ACTION
## <u>NEW YORK LABOR LAW –WAGE NOTICE VIOLATIONS</u>
### (Brought on Behalf of Plaintiff and the Class Members)

88.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendant has willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

90.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, § 198(1-b), liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.      Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.      An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.      An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.      An award of damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.      An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

j.      An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1), pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL § 198(1-b);

k.      An award of prejudgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.      Such other and further relief as this Court deems just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      July 24, 2017

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff, the putative collective
and class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Mariner's Harbor, Frank Guido's Little Italy, Port of Call, Frank Guido, Mark Guido y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


_____
Firma

_____
Nombre Escrito